**David SIGALL and Patricia Henry, Appellants,**

**v.**

**Barbara SERRANO and, Anthony Serrano, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2011.

Filed March 18, 2011.

Elliott Tolan, Philadelphia, for appellants.

Mark J. Hill, Philadelphia, for appellees.

BEFORE: BENDER,
FITZGERALD * and
STRASSBURGER **, JJ.

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

948

OPINION BY STRASSBURGER, J:

David Sigall and Patricia Henry (Appellants) appeal the order entered in the Philadelphia County Court of Common Pleas granting a "motion to dismiss" filed by Appellees Barbara and Anthony Serrano (Serranos). Because we hold the motion was not properly served on Appellants, we reverse and remand.

Appellants' complaint alleged the following. On February 26, 1996, Anthony Serrano was driving a vehicle owned by his mother, Barbara Serrano. Anthony Serrano disregarded a traffic signal and collided with Appellants' vehicle, causing injury to Appellants. Appellants alleged that Anthony Serrano drove negligently, and was acting as an agent of Barbara Serrano at the time of the accident.

A review of the record shows that at the time of this accident Anthony Serrano was not a licensed driver. Barbara Serrano denied agency and contended that Anthony did not have permission to drive her vehicle while she was out of town. As a result, Barbara Serrano's auto insurance carrier, General Accident, denied coverage to Anthony Serrano. Appellants filed for relief under the uninsured motorist (UM) provision of their insurance policy against their insurance carrier, Nationwide. As a result of the UM action, Appellants' civil suit was placed in deferred status to be reactivated upon exhaustion of the UM claims. On July 25, 2007, Appellants settled their UM case with Nationwide. On July 2, 2009, Appellants' civil suit was removed from deferred status and scheduled for an arbitration hearing on September 30, 2009. Appellants failed to appear and the panel found in favor of the Serranos.[1] Appellants appealed the Arbitration Award and the matter was set for trial.

On March 22, 2010, after various motions had been filed, the Serranos filed electronically a motion *in limine* and a "motion to dismiss"[2] through the Philadelphia Courts Electronic Filing System. In their motion to dismiss the Serranos argued that the court should dismiss Appellants' complaint on the grounds that Appellants were judicially estopped from

---

1. We note that Philadelphia Rule of Civil Procedure (Phila.R.C.P.) *1303 provides, in pertinent part:

 **Rule *1303. Scheduling of Arbitration Hearings. Relistings. Consolidations**
 (A) Scheduling of Arbitration Hearings
 (2) *Scheduling After Commencement of Action.* In the event a case is scheduled for an Arbitration hearing after the commencement of the action, and the initial pleadings do not contain the statement authorized by Pa.R.C.P. No. 1303(a)(2) [relating to written notice of a scheduled arbitration hearing], the case will nonetheless be subject thereto provided the Order or Notice scheduling such Arbitration hearing contains the following statement: **"This matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the Court without the absent party or parties. There is no**

 **right to a trial de novo on appeal from a decision entered by a judge."**
 Phila.R.C.P. *1303(A)(2) (emphasis added). Despite the procedure outlined in Rule *1303(A)(2), this matter remained before the arbitration panel, which issued an award in Appellants' absence. The record does not indicate why the rule was not followed.

2. "Pennsylvania jurisprudence does not recognize a 'motion to dismiss' in the context of civil litigation." *DiGregorio v. Keystone Health Plan E.*, 840 A.2d 361, 365 (Pa.Super.2003). However, "[a] trial court's order dismissing a case prior to trial is properly characterized as either a summary judgment or a judgment on the pleadings." *See Gallagher v. Harleysville Mut. Ins. Co.*, 421 Pa.Super. 192, 617 A.2d 790, 796 (1992). In light of the procedural history in this case we treat the Serranos' "motion to dismiss" as a motion for summary judgment.

asserting a claim against Barbara Serrano as an insured motorist as this position is inconsistent with that asserted in Appellants' UM arbitration[3]. The Serranos further argued that Appellants had failed to assert a claim against Barbara Serrano and that Appellants' complaint should be dismissed in order to preclude double recovery.

Under Pa.R.C.P. 1035.3(a), Appellants had 30 days from receipt of the "motion to dismiss" to file a response. The record reflects that Appellants did not file a timely response. The lower court entered an order on April 16, 2010, granting the Serranos' motion and dismissing Appellants' complaint with prejudice. This appeal followed.

■ Appellants raise two claims of error on appeal; however, their primary argument is that the trial court erred in granting the "motion to dismiss" because Appellants were not served with the motion and, therefore, did not have the opportunity to respond. Appellants' Brief at 7. We agree.

■ To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. *Touloumes v. E.S.C. Inc.*, 587 Pa. 287, 899 A.2d 343, 346 n. 4 (2006). To the extent that this question involves an exercise of the trial court's discretion in granting Serranos' "motion to dismiss", our standard of review is abuse of discretion. *See Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa.2010) (an appellate court may reverse a grant of summary judgment if there has been an abuse of discretion).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Lachat v. Hinchcliffe*, 769 A.2d 481, 487 (Pa.Super.2001) (citation omitted). With this standard in mind, we consider whether the Appellants had the opportunity to respond to the Serranos' motion.

Because the Serranos' "motion to dismiss" is not original process, it is governed by Pa.R.C.P. 440, which provides:

**Rule 440. Service of Legal Papers other than Original Process**

(a)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made

(i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or

(ii) by transmitting a copy by facsimile to the party's attorney of record as provided by subdivision (d).

Pa.R.C.P. 440(a)(1)(i)-(ii).

The record indicates that the Serranos' "motion to dismiss" was filed electronically through the Philadelphia Courts Electronic Filing System. Rule of Civil Procedure

---

**3.** The verdict in the UM case may not be inconsistent as Appellants claim a phantom vehicle was involved in the accident. Recovery as a result of the phantom vehicle in the UM proceeding would not necessarily prevent Appellants from recovering against the Serranos as third-party tortfeasors in this action. *See Geisler v. Motorists Mutual Insurance Co.*, 382 Pa.Super. 622, 556 A.2d 391 (1989).

205.4 [4] is the principal rule governing electronic filing. It provides, in pertinent part:

### Rule 205.4. Electronic Filing and Service of Legal Papers

(g)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action may be served

(i) as provided by Rule 440 or

(ii) by electronic transmission, other than facsimile transmission, **if the parties agree thereto or an electronic mail address is included on an appearance or prior legal paper filed with the court in the action**

. . .

Pa.R.C.P. 205.4(g) (emphasis added). "Service of legal papers electronically requires the **consent** of the person to be served either by written agreement or an electronic mail address on a prior legal paper filed with the court." *Id.*, Explanatory Comment–1999. (Emphasis added). Further, "[a] note to the proposed rule is explicit in stating that such an electronic mail address on an attorney's letterhead is an insufficient basis for electronic service." *Id.*

The record here is devoid of evidence that Appellants consented to electronic service in this case, either through express agreement of the parties or by providing a valid electronic mail address for Appellants or counsel in any prior filing in this case. Further, it does not appear that Appellants availed themselves of the electronic filing system at any point in this case. In fact, it is clear from the record that service of all other motions and pleadings in this matter was made pursuant to Pa.R.C.P. 440(a)(1)(i) and (ii).

The Serranos argue that Appellants were timely and properly served with the motion to dismiss because Appellant's counsel was "a participant in the Philadelphia Court of Common Pleas electronic filing system." Serranos' Brief, at 5. We disagree. Strict construction of Pa.R.C.P. 205.4(g)(1)(ii) clearly requires the parties' consent to electronic filing in each individual case. We reject the Serranos' interpretation of the rule that consent to electronic filing in one case is consent to electronic filing in all subsequent cases.[5]

■ We note that, "[a] party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose [a motion for summary judgment]." Pa.R.C.P. 1035.3(e)(1). "Due process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting." *McKinney v. Carolus*, 430 Pa.Super. 450, 634 A.2d 1144, 1146 (1993). We hold that the Appellants were not properly served and, therefore, suffered prejudice when they were not afforded an opportunity to contest the motion to dismiss. Based upon the foregoing, we hold that the trial court erred in determining that the motion was uncontested and dismissing Appellants' complaint. Accordingly, we reverse and remand for further proceedings.

---

4. Pa.R.C.P. 205.4 was adopted by the Philadelphia Court system and made effective on January 7, 2008, as Philadelphia Rule of Civil Procedure (Phila.R.C.P.) 205.4.

5. On January 5, 2009 the Philadelphia Court of Common Pleas, Civil Division, made electronic filing a mandatory requirement for all "legal papers." *See* Phila.R.C.P. *205.4. Service of electronically filed legal papers remains governed by Pa.R.C.P. 205.4(g)(1)(ii). *See* Phila.R.C.P. *205.4(f)(4) and (7).

Order reversed; Case remanded for further proceedings. Jurisdiction relinquished.