J-A02041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CLARA BROCK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AXA EQUITABLE LIFE INSURANCE COMPANY, CHRISTOPHER CONDRON, ANDERS MALMSTROM, EILEEN STASSA, MARY THOMAS, DANIEL J. ZUCKER, DRINKER BIDDLE & REACH, AND MARSHALL DENNEHEY WAGNER COLEMAN & GOGGIN | |
| Appellees | No. 1687 EDA 2014 |

Appeal from the Orders Entered April 23, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No: February Term, No. 2014 00855

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 17, 2015**

Appellant, Clara Brock, appeals *pro se* from the orders of the Philadelphia Court of Common Pleas, Civil Division, granting Appellees' motion to dismiss; dismissing Appellees Daniel J. Zucker, Esq., and Marshall Dennehey Warner Coleman & Goggin from this matter with prejudice; and barring Appellant from future litigation without leave of court. We affirm.

Brock appeals from the dismissal of her third *pro se* action filed against the same parties alleging extrinsic fraud in the maintenance of her whole term life insurance policy.  This allegation is related to the same claims she raised against the same parties in two prior actions.  The first action,

commenced on February 9, 2011, was filed against Appellee AXA based on claims of breach of contract and misrepresentation about her life insurance policy. It was dismissed after a bench trial. Her second action, commenced October 22, 2012, was filed against all Appellees and was based on claims of fraud, perjury, conspiracy to commit perjury, and judge tampering. That action was dismissed with prejudice after the trial court granted Appellees' motion for summary judgment. For a more detailed recitation of the facts and procedural history leading up to this appeal, we direct the parties to the trial court's detailed Pa.R.A.P. 1925(a) opinion. *See* Trial Court Opinion, dated 7/25/14, at 1-6.

Brock avers here that the trial court erred in dismissing her case and barring her from further filings. She does not state a basis for the error, but summarily concludes, after reiterating her various allegations of fraud committed by Appellees, that the trial court order "must be rendered void, vacated." Appellant's Brief at 13.

We need not reach the merits of Brock's contention. Her appellate brief consists of general statements unsupported by discussion or citation to any legal authority as required by Pa.R.A.P. 2119.[1]

---

[1] Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides: "The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014), ***appeal denied***, 403 WAL 2014 (Pa. filed Dec. 10, 2014) (internal citations and quotation marks omitted).

Brock has failed to provide meaningful discussion of or citation to statutory or case law, and she has not otherwise developed or analyzed any issues that could be manifest in her allegations of fraud and trial court error. "The lack of analysis precludes meaningful appellate review." ***Id***. at 1089. Because Brock fails to provide any discussion of legal authority or even a coherent argument enabling us to determine the basis for her appeal, we conclude Brock's appeal is waived.[2]

---

[2] "A *pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel; however, *pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 333 (Pa. Super. 1999) (citation omitted). We have warned that "any person choosing to represent h[er]self in a legal proceeding must, to a reasonable extent, assume that h[er] lack of expertise and legal training will be h[er] undoing." ***Wilkins v. Marsico***, 903 A.2d 1281, 1285 (Pa. Super. 2006) (citation omitted).

Even if Brock had not waived her appeal, and if we were to presume that she was challenging the trial court's application of Rule 233.1 to support its dismissal, we would deny relief.[3] As the trial court noted, Pa.R.C.P. 233.1 "was promulgated to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate." Trial Court Opinion at 6 (quoting **Gray v. Buonopane**, 53 A.3d 829 (Pa. Super. 2012)). Rule 233.1 provides:

> Upon the filing of an action by a pro se plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the pro se plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1

The trial court here noted:

> Appellant has litigated all claims regarding the funds within her Whole Life Insurance Policy and her attempts to collect them. One of her suits was fully adjudicated in a bench trial, the other dragged on through a year of pleadings before summary judgment was granted. In the instant case, despite Appellant's

---

[3] A challenge to the applicability of Pa.R.C.P. 233.1 presents a question of law. Our standard of review when considering a challenge to the applicability of Pa.R.C.P. 233.1 is *de novo*. **See Sigall v. Serrano**, 17 A.3d 946, 949 (Pa. Super. 2011). We review an order granting a motion to dismiss for an abuse of discretion. **See id**. Our scope of review in both instances is plenary. **See id**.

attempts to reframe the issue in the complaint as "extrinsic fraud," it is clear from the pleadings that both the issues and the parties are the same.

Trial Court Opinion at 7.

Our review of the certified record, the parties' briefs, and the lower court's opinion, supports the dismissal of this action and the bar to Appellant's future litigation without leave of the court. Accordingly, if we had not found waiver, we would adopt the trial court's Rule 1925(a) opinion as our own in support of our affirmance.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015