J-A17012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOUSING OPPORTUNITY PARTNERS REO, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIANNE MEHALSHICK, MICHAEL A. MEHALSHICK, AND OCCUPANTS | : | |
| | : | |
| APPEAL OF: MARIANNE MEHALSHICK | : | No. 1465 EDA 2016 |

Appeal from the Order Entered April 19, 2016
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C48CV2014-2621

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:              **FILED JUNE 08, 2017**

Appellant, Marianne Mehalshick, appeals from the order entered in the Northampton County Court of Common Pleas, which granted the motion of Appellee, Housing Opportunity Partners REO, LLC, for judgment on the pleadings/summary judgment in this ejectment action.[1]  In a prior matter,

---

[1] In a civil matter, "a trial court's order dismissing a case prior to trial is properly characterized as either a summary judgment or a judgment on the pleadings." **Sigall v. Serrano**, 17 A.3d 946, 948 n.2 (Pa.Super. 2011) (citing **Gallagher v. Harleysville Mut. Ins. Co.**, 617 A.2d 790, 796 (Pa.Super. 1992)) (internal quotation marks omitted).  Here, Appellee filed a motion for summary judgment.  Although the trial court acknowledged, Appellee's motion may have been one for judgment on the pleadings, the court granted summary judgment in favor of Appellee.  (**See** Order, filed
*(Footnote Continued Next Page)*

---

*Retired Senior Judge assigned to the Superior Court.

Appellee obtained a judgment in residential mortgage foreclosure against Appellant. In this case, Appellee filed an ejectment complaint against Appellant on March 26, 2014. On April 24, 2014, Appellant filed preliminary objections, which the court overruled on October 1, 2015. Appellant filed, on October 20, 2015, an answer with new matter to Appellee's ejectment complaint. On December 4, 2015, Appellee filed a motion for summary judgment, which the court initially denied on March 14, 2016. Appellee sought reconsideration on March 29, 2016. On April 19, 2016, the court granted reconsideration and entered summary judgment in Appellee's favor. Appellant filed a timely notice of appeal. The court ordered a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied.

As a prefatory matter, "issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Also, "arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." ***Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa.Super. 2004) (holding appellants waived issue on appeal that they failed to raise before trial court in their opposition to appellee's motion for summary judgment). Issues not raised in a Rule 1925 concise statement of errors will likewise be deemed waived. ***Linde v. Linde Enterprises, Inc.***, 118 A.3d 422, 430 (Pa.Super. 2015), *appeal*

(Footnote Continued) —————

April 19, 2016). Therefore, we review the order under summary judgment standards.

- 2 -

*denied*, \_\_\_ Pa. \_\_\_, 129 A.3d 1243 (2015) (citing Pa.R.A.P. 1925(b)(4)(vii)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." ***Commonwealth v. Hill***, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011). ***See also Wirth v. Commonwealth***, 626 Pa. 124, 149-150, 95 A.3d 822, 836-37 (2014) (providing appellate court may address waiver *sua sponte*).

On appeal, Appellant raises three issues for our review: (1) Did the [trial] court err when it failed to deny outright [appellee]'s motion for judgment on the pleadings and hold that the complaint was legally insufficient and defective?; (2) Did the [trial] court erroneously grant reconsideration outside the statutory 30-day period?; and (3) [Whether] the judgment of foreclosure entered and the sheriff's sale in this matter [are] both nullities as having been fraudulently procured by individuals engaged in the unauthorized practice of law? (***See*** Appellant's Brief at 4.) By comparison, Appellant listed the following claims in her court-ordered Rule 1925(b) statement: The court erred when it (1) granted summary judgment in favor of Appellee; (2) failed to consider Appellant's answer and new matter, upon Appellee's reconsideration motion; and (3) determined Appellee was entitled to possession of the mortgaged property and did not permit Appellant to amend her answer and new matter. (***See*** Rule 1925(b) Statement, filed 6/3/16.) Appellant failed to specify in her Rule 1925(b) statement those issues she briefed on appeal. Accordingly, Appellant waived

her appellate issues. *See Linde, supra*; Pa.R.A.P. 1925(b)(4)(vii).

Moreover, Appellant failed to raise her appellate issues in the trial court, including in her opposition to Appellee's motion for summary judgment and motion for reconsideration. Therefore, her issues are waived on this ground as well. *See* Pa.R.A.P. 302(a), *supra*; *Devine, supra*. Thus, Appellant waived all of her issues for appellate review. Accordingly, we affirm. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Order affirmed. Case is stricken from argument list.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017