J-S35018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TYREE OSCAR YOUNG | |
| Appellant | No. 1570 WDA 2016 |

Appeal from the Judgment of Sentence April 15, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000832-2016

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 19, 2017**

Appellant, Tyree Oscar Young, appeals from the judgment of sentence of ten to twenty years of incarceration, imposed April 16, 2016, following a jury trial resulting in his conviction for two counts of persons not to possess a firearm.[1]  We affirm.

On May 27, 2015, at approximately 5:00 p.m., Detectives Brandon Rourke and Michael Catanzaro of the Wilkinsburg Police Department were returning from a call, both driving, separately, on Swissvale Avenue in Wilkinsburg, Pennsylvania.  **See** Notes of Testimony (N.T.), 1/25/16 to 1/25/16, at 20-21, 43-44.  Detective Rourke passed a gold Ford Taurus and

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. § 6105(a)(1).  Appellant was acquitted of a third count of persons not to possess a firearm.

recognized the driver as Appellant.[2]  *Id.* at 44-46.  Detective Rourke radioed Detective Catanzaro, described the Taurus, and asked him to effectuate a traffic stop.  *Id.* at 21, 46.

After Detective Catanzaro turned on his lights and sirens, a car chase ensued and eventually ended when the Taurus crashing while attempting to make a turn.  *Id.* at 22-24, 46.  Appellant and Justice McCullem[3] escaped the vehicle and fled on foot; Appellant discarded an item between two nearby houses.  *Id.* at 24-26, 46-47.  When Detective Catanzaro attempted to give chase, he was sprayed with hot fluid from the radiator hose of the Taurus.  *Id.* at 25-26.  Detective Rourke joined the pursuit and was able to stop Mr. McCullem; however, Appellant escaped.  *Id.* at 26, 47.

Officers from a neighboring borough responded to the scene and secured the car.  *Id.* at 34-36.  Two loaded firearms were visible inside, one between the driver's seat and passenger seat, and one in the middle of the front-seat floor.  *Id.* at 36-39, 47-49.  A further search of the car revealed United States currency, a cell phone, and Appellant's Pennsylvania identification card in driver's side door pocket.  *Id.* at 36-39, 47-49, 53.  A

_____

[2] The trial court opinion indicates that Detective Rourke had filed charges against Appellant the week before, and that Appellant was wanted on an outstanding warrant.  **See** Trial Court Opinion, 1/12/17, at 2.  However, the jury was informed only that Detective Rourke had a "valid reason" to stop Appellant.  *Id.* at 22, 43.

[3] The trial court's opinion refers to Mr. McCullem as "Justice McCullum;" however, the notes of testimony use the former spelling.

third firearm was found at the rear of a property where the chase occurred. *Id.* at 38-39, 51.

Appellant and Mr. McCullem were arrested and charged with possession of a firearm prohibited and persons not to possess a firearm.[4] Appellant filed a pretrial motion to suppress; following a hearing, that motion was denied. The matter proceeded to trial by jury. At the beginning of jury selection, Mr. McCullem entered a guilty plea and was sentenced to a term of one to two years of incarceration. *Id.* at 3; *see also* TCO at 1-3. Appellant's trial began four days later. *See* TCO at 1-3. Appellant was convicted of two counts of persons not to possess a firearm and acquitted of a third count of the same crime. Appellant filed a post-sentence motion, which was denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant raises two questions for our review:

1. Whether the trial court abused its discretion when it permitted the witness to invoke the Fifth Amendment privilege and refused to testify.

2. Whether the trial court abused its discretion when it refused to instruct the jury on mere presence[.]

Appellant's Brief at 3.

_____

[4] 18 Pa.C.S. § 6106.

- 3 -

First, Appellant claims that the trial court abused its discretion when it allowed Justice McCullem to invoke his Fifth Amendment privilege and refuse to testify. *See* Appellant's Brief at 13. Appellant contends that the right to invoke Fifth Amendment privilege is void following sentencing absent an expressed intention to challenge the conviction or sentence, or a real or substantial hazard of incrimination. *Id.* at 13-15. Further, Appellant argues that Mr. McCullem should have been required to testify regarding his plea conviction. *Id.* at 15.

With regard to the invocation of the Fifth Amendment,

> [t]he Fifth Amendment provides no person shall be compelled in any criminal case to be a witness against himself. This prohibition not only permits the refusal to testify against one's self when a defendant in a criminal trial, but in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [the speaker] in future criminal proceedings.

*Commonwealth v. Knoble*, 42 A.3d 976, 979 (Pa. 2012) (internal citations and quotations omitted). Further, it is always for the court to judge if the silence is justified. *See Commonwealth v. Melvin*, 79 A.3d 1195, 1201 (Pa. Super. 2013). For the court to overrule the claim of privilege, it must be perfectly clear "from a careful consideration of all the circumstances, that the witness is mistaken in the apprehension of self-incrimination and the answers demanded [c]annot possibly have such tendency." *Id.*

The main focus of Appellant's argument relies on the fact that because Mr. McCullem had already pleaded guilty, received his sentence, and

- 4 -

expressed no specific desire to appeal, he was not entitled to his constitutional right against self-incrimination. *See* Appellant's Brief at 13-15. However, Appellant does not address how the absence of this testimony was prejudicial to him. He cites in support a United States Supreme Court case upholding a trial court's decision requiring witnesses to testify despite invocation of privilege solely to that conduct for which they had admitted guilt. *See Namet v. United States*, 83 S. Ct. 1151, 1155 (1963). In *Namet*, the appellant argued that the witnesses' invocation of privilege regarding other conduct implied to the jury that they had a nefarious relationship with him and, accordingly, was prejudicial. *Id.* at 1153-57.

Here, the sole reference to the effect of Mr. McCullem's testimony was that the prior conviction was "relevant to the issue of possession of the firearms at issue in this case." *See* Appellant's Brief at 12. However, Appellant's argument section does not further develop this assertion nor does it cite to relevant case law in support of this position. *See* Pa.R.A.P. 2119(a)-(c); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.") Accordingly, we find that Appellant has waived this issue for purposes of appeal.

Next, Appellant contends that the trial court abused its discretion when it refused to instruct the jury on "mere presence" in a constructive possession case. *See* Appellant's Brief at 16-17. Appellant argues that the

- 5 -

instruction was vital to his defense that the firearms belonged to another person. *Id.* at 19. Further, Appellant claims there was no evidence of his explicit knowledge, intent, or possession of the firearm, and accordingly the instruction was crucial to the jury's understanding of the law. *Id.* at 20.

With regard to a trial court's refusal to give a specific jury instruction,

it is the function of this [C]ourt to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

*Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa. Super. 2006) (internal citations and quotations omitted).

With regard to mere presence, this Court has previously held that

[t]he law is clear that a defendant cannot be convicted of a crime where the only evidence to connect him with the crime is "mere presence" at or near the scene. The converse is that something more than "mere presence" at the scene of the crime must be shown to convict one of the participants in the commission of the crime. It does not follow, as a corollary of this rule, that the jury must be instructed in every case that "mere presence" is insufficient to convict. Where a jury is fully and adequately instructed on the elements of a crime, and where it appears that a charge on "mere presence" is not

essential to their understanding of the case, the trial court may refuse to issue a specific instruction on mere presence.

*Commonwealth v. La*, 640 A.2d 1336, 1344 (Pa. Super. 1994) (internal citations and quotations omitted).

Further, where the court instructs a jury regarding the Commonwealth's burden to prove each element of the crime beyond a reasonable doubt and that Appellant must have had the ability and intent to exercise control over the item in question, the instruction is adequate. *See Commonwealth v. Estepp*, 17 A.3d 939, 946 (Pa. Super. 2011). Here, the trial court specifically instructed the jury that the Commonwealth has the burden of proving each and every element of the crimes beyond a reasonable doubt. *See* N.T. at 108-10. Further, the court instructed the jury on the elements of persons not to possess a firearm. *Id.* at 116. With regard to constructive possession, the court informed the jury that:

> For a person to possess a firearm, he must have the intent to control and the power to control the firearm.
>
> Constructive possession is found where an individual does not have actual possession over the legal instrument, but has conscious dominion over it.
>
> In order to prove conscious dominion, the Commonwealth must present evidence to show that the Defendant had both the power to control the item and the intent to exercise such control . . . it must be proven beyond a reasonable doubt that the Defendant had both the intent to control the item and the power to control the item.

*Id.* at 116. The jury charge adequately informed the jury of both the elements of the crime and constructive possession. Thus, a "mere presence"

charge was not essential to the jury's understanding of the case.  ***See***, ***e.g.***, ***Estepp***, 17 A.3d 946; ***La***, 640 A.2d at 1344.

Further, Appellant is not entitled to such an instruction where the evidence revealed that he was more than merely present at the scene.  ***See***, ***e.g.***, ***La***, 640 A.2d at 1345 (noting that appellant was not entitled to "mere presence" instruction where his testimony established that he was not merely present).  Here, the evidence established that Appellant was driving the car involved in the chase, fled police when they attempted a traffic stop, fled the car after crashing it, and discarded a third firearm from his waistband during his flight.  Thus, he was not entitled to this instruction even if the court's charge was not adequate.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2017

- 8 -