J-S38005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRY MCNEILL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLOBAL TEL-LINK | : | No. 50 MDA 2020 |

Appeal from the Order Entered December 6, 2019,
in the Court of Common Pleas of Centre County,
Civil Division at No(s):  19-2581.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 25, 2020**

Terry McNeil appeals *pro se* from the order granting Global Tel-Link's motion to dismiss McNeil's complaint against it as frivolous pursuant to Pennsylvania Rule of Civil Procedure 233.1.  Upon review, we affirm.

The trial court set forth the procedural history and facts as follows:

McNeil filed a [c]omplaint against [Global] on July 19, 2019 alleging a violation of the Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), fraud, and unjust enrichment. [McNeil] is currently an inmate at the Benner State Correctional Institution (SCI - Benner).  [McNeil] alleges that while in the custody of the Pennsylvania Department of Corrections ("DOC"), he purchased a phone card that was later used to contact his family and friends.  [Global] was the telephone service provider for the DOC, and [McNeil] alleges that [Global] set the rates for inmates to use [Global's] telephone services.

[McNeil] further alleges [Global] overcharged him for several calls he made while using [Global's] services, and references an

_____

[*] Former Justice specially assigned to the Superior Court.

investigation conducted by the Federal Communications Commission ("FCC") whereby the FCC ordered [Global] to reduce the amount it charged per call. [McNeil] now requests relief in the form of compensatory and punitive damages.

[Prior to this, McNeil] filed an action in the United States District Court for the Middle District of Pennsylvania against [Global] on June 25, 2015. In that complaint, [McNeil] averred [Global] overcharged him to use their telephone services and alleged [Global] violated his rights under 42 U.S.C. §1983. It was recommended that [McNeil's] complaint be dismissed as frivolous because [Global] was not a state actor for Section 1983 purposes, which recommendation was adopted. [McNeil] was given leave to file an amended complaint. [McNeil's] amended complaint claimed a violation of the Federal Communications Act ("FCA") and unjust enrichment. [McNeil] also sought class certification with himself as class representative. On November 9, 2018, it was recommended by Magistrate Judge Saporito that [McNeil's] amended complaint be dismissed. On January 16, 2019, the recommendation was adopted and [McNeil's] amended complaint was dismissed with prejudice. [McNeil] later filed a motion to reopen [the case] regarding substantially similar issues and a motion for reconsideration of the January 16, 2019 dismissal. Both motions were denied. [McNeil did not appeal]. [Global] now requests this [c]ourt dismiss [McNeil's] complaint with prejudice because [his] claims were dismissed in federal court.

Trial Court Opinion, 12/6/19, at 1-2. The trial court concluded that McNeil's action was frivolous and dismissed his complaint. The court further barred McNeil from pursuing additional *pro se* litigation against Global or others similarly situated for the same or related claims. McNeil filed this timely appeal.[1]

_____

[1] Upon receipt of Martin's appeal, this Court issued an order directing McNeil to show cause why his appeals should not be transferred to the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762(a)(1). This rule was issued because the matter involved the telephone service provider for the Department of Corrections. Global responded stating that they were not

McNeil raises a single issue for our consideration:

> 1) Did the trial court abuse its discretion by dismissing [McNeil's] pleading pursuant to Pa.R.C.P. 233.1 given the pleading was not repetitive or serial as contemplated by the rule?

McNeil's Brief at 6.

In his appeal, McNeil argues that the trial court abused its discretion by dismissing his complaint pursuant to Pa.R.C.P. 233.1. McNeil's Brief, at 8. In relevant part, Pa.R.C.P. 233.1 provides:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1) the *pro se* plaintiff is alleging the **same or related claims** which the *pro se* plaintiff raised in **a prior action** against the **same or related defendants**, and
>
> (2) these claims have already been **resolved** pursuant to a written settlement agreement or a court proceeding.

---

working in a governmental capacity, but instead was a privately held company and an arm's length contractor. As such, Global should not be treated as a governmental actor. This Court subsequently discharged the rule and referred the issue to the merits panel.

42 Pa.C.S.A. § 762(a)(1) provides that the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders from the courts of common pleas in Commonwealth civil actions involving the Commonwealth government, including Commonwealth officers acting in an official capacity. However, Global is a private entity and is not part of the Commonwealth government. Furthermore, the DOC is not involved in this litigation. Jurisdiction, therefore, properly lies with this Court.

- 3 -

Pa.R.C.P. 233.1(a)(emphasis added). The Pennsylvania Supreme Court adopted Pa.R.C.P. 233.1 because "certain litigants [were] abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated," thus calling for a rule to "provide[] relief to a defendant who [had] been subjected to this type of repetitive litigation." Pa.R.C.P. 233.1, cmt. (2010). This Court has observed that the rule was intended "to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failure to secure relief for injuries they perceived but could not substantiate." *Gray v. Buonopane*, 53 A.3d 829, 835 (Pa. Super. 2012). Notably, the rule's requirements do not rise to the level of those mandated by the principles of *res judicata* and collateral estoppel, or any other rule for obtaining a judgment prior to trial, *i.e.*, preliminary objection, judgment on the pleadings, and summary judgment. *Id.*

In reviewing application of this Rule, we observe that, "[t]o the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*." *Coulter v. Ramsden*, 94 A.3d 1080, 1086 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (2014). Pursuant to the rules of construction, the focal point of our analysis in such a review is clear: "The object of all interpretation and construction is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a); *Gray*, 53 A.3d at 834. If the language of a given rule is not explicit, we may determine the Court's intention by considering, among other matters, the following:

(1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127(c); **Gray supra**.

"To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion." **Coulter**, 94 A.3d at 1086. "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure." **Id.** (quoting **Sigall v. Serrano**, 17 A.3d 946, 949 (Pa. Super. 2011) (internal citations omitted)).

McNeil first claims that the trial court erred because it considered the litigation against Global to be repetitive or serial. McNeil maintains that he only filed a single action against Global in federal court prior to the present proceeding, unlike **Coulter**, relied on by the trial court, which involved numerous prior actions. McNeil's Brief at 10. Because McNeil's litigation was not the type that the Supreme Court sought to prevent with this Rule, the trial court should not have granted Global's motion. McNeil's Brief at 13.

Additionally, McNeil claims that the trial court erred because his federal court action was not adjudicated on its merits. McNeil's Brief at 9, 13.

- 5 -

Instead, the federal action was dismissed only on procedural grounds for lack of jurisdiction over his state law claim. McNeil Brief at 11. Consequently, according to McNeil, his prior action was not resolved as required by the requirements of Pa.R.C.P. 233.1, and therefore the trial court should not have granted Global's motion.

The trial court concluded that McNeil's action met the requirements of Pa.R.C.P. 233.1, and was therefore frivolous. In reaching this decision, the trial court compared the action before it with the one McNeil filed in federal court. The court considered that the defendant in each action was identical; both actions were filed against Global. The court also compared the allegations of each complaint; both cases stemmed from McNeil's claims that Global overcharged him for his phone calls while he was an inmate. The trial further observed that, in the federal action, McNeil failed to set forth sufficient facts to support his claims, and found that he did the same in the current action. Additionally, the federal court found that McNeil's claim was preempted by federal law as the reasonableness of Global's rates is directly regulated by the FCA. As a result, the federal court dismissed his action with prejudice. Given these circumstances, the trial found that McNeil's action was frivolous.

McNeil's argument on appeal primarily relates to the first requirement of Pa.R.C.P. 233.1. He claims that his single prior action was not sufficient to trigger application of this Rule. In relevant part, the Rule provides that where a "*pro se* plaintiff is alleging the same or related claims which the *pro se*

plaintiff raised in **a prior action** against the same or related defendants[,]" the new action may be dismissed. Pa.R.C.P. 233.1(a) (1)(emphasis added). A plain reading of this Rule clearly does not require more than one prior action to trigger its application.

Furthermore, the language used in the explanatory note supports this interpretation. As noted above, Pa.R.C.P. 233.1 was established to address serial and repetitive *pro se* litigation. "Serial" means "occurring in a series [a group or number of things occurring in succession] rather than simultaneously." "Serial" https://www.dictionary.com/browse/serial# (last visited 10/29/20). "Repetitive" means simply "capable of being repeated." "Repetitive" https://www.dictionary.com/browse/repetitive# (last visited 10/29/20). The Rule only requires that the parties and the claims in the current action be related to those in a prior action.[2] If they are, the Rule applies. "Repetitive" does not connote, necessarily, numerous actions.

Here, McNeil's federal and state lawsuits occurred in succession, *i.e.*, one after the other, not simultaneously. As observed by the trial court, McNeil repeated his federal claims of being overcharged against Global in his state action. In fact, McNeil acknowledges that his pleading fits within these definitions. McNeil's Brief at 9, 13. Nonetheless, he argues that the Rule

---

[2] As noted above, the Rule does not require the technical precision of res judicata or collateral estoppel. Use of the word "related" does not require that the claims be identical. **See Gray supra**.

should only be applied when there are multiple and filings as opposed to one prior action. Although the Rule generally has been applied in cases where the *pro se* plaintiff filed multiple actions as in **Coulter** and **Gray**, the clear language of the Rule did not prohibit the trial court from applying it in this case.

Thus, based on our interpretation of the Pa.R.C.P. 233.1 and the trial court's rationale for granting Global's motion, we conclude that the trial court did not abuse its discretion or commit an error of law when it concluded that McNeil's current *pro se* action satisfied the requirements of Pa.R.C.P. 233.1.[3]

McNeil's next argument relates to the second requirement under Pa.R.C.P. 233.1, claiming the federal court did not adjudicate his unjust enrichment claim. In relevant part, the Rule provides that a case may be dismissed where the claims have been "**resolved**," in a prior action. Pa.R.C.P. 233.1(a) (2) (emphasis added). However, we do not reach the issue of

_____

[3] In further support of the trial court's decision, we note that McNeil originally filed suit in federal court against Global for excessive charges claiming that that conduct violated his federal civil rights under 42 U.S.C. § 1983. The federal court dismissed this complaint as frivolous because Global was not a state actor for purposes of 1983, and because he failed to state a claim as his claim did not rise to the level of a constitutional violation. However, the federal court granted McNeil leave to file an amended complaint. McNeil then filed an amended complaint, which was the trial court's source of comparison. That amended complaint was ultimately dismissed with prejudice. After dismissal, McNeil asked the federal court to reconsider the matter, not once but twice, without any reasons to support his request. Despite this, McNeil nonetheless then attempted to pursue his claims in state court.

whether McNeil's claims were "resolved" in the federal action, because McNeil failed to preserve it for review.

Pa.R.C.P. 1925 requires that a 1925(b) statement "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(vii). "Issues not included in the statement and/or not raised in accordance with the provisions of the [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). Here, while McNeil challenged the court's dismissal of his action under Pa.R.C.P. 233.1, the basis for his challenge as stated in his 1925(b) statement was that his litigation was not serial or repetitive in nature. McNeil did not assert error on the basis that the prior litigation was not adjudicated or "resolved" as he does now. Similarly, the issue McNeil identified in his appellate brief only relates to whether his actions were serial or repetitive. Neither the issues in his 1925(b) statement nor his brief addressed whether his prior action was adjudicated or "resolved." We, therefore, conclude that McNeil waived this argument.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020

- 9 -