OPINION BY STRASSBURGER, J.:
Patricia Gray appeals pro se from the order entered on April 5, 2018, which dismissed her complaint against PennyMac Corporation and Gwendolyn L. Jackson[1] pursuant to Pa.R.C.P. 233.1.[2] Upon review, we affirm.
*714 We begin with a summary of the facts and procedure that led to this case. On January 30, 1981, Gray and her sister, Jackson, jointly purchased and mortgaged a property in Philadelphia.[3] The last mortgage payment for this property was made on May 1, 1996. On May 7, 2015, PennyMac instituted a mortgage foreclosure action against Gray and Jackson (2015 Foreclosure Action).[4] "In defense, Gray attacked the validity of the [m]ortgage and filed a cross-claim against Jackson, alleging Jackson was solely liable on the [m]ortgage because Jackson agreed with [ ] Gray that [Jackson] would live in the property and collect the rents, pay the mortgage and keep the property in good condition." Trial Court Opinion, 7/10/2018, at 1-2 (internal quotation marks omitted).
At trial, [PennyMac] proved ownership of the note and mortgage[,] and the balance due. [Gray] herself admitted to making no payments since 1996. [Following a non-jury trial, t]he [trial court] found in favor of [PennyMac] and against [Gray and Jackson] ... in mortgage foreclosure in the amount of $151,419.54. The [trial c]ourt calculated this amount not from 1996, as urged by [PennyMac], but from 2006, a period [ ] beginning with the conclusion of [PennyMac's] predecessor's previous unsuccessful attempt to foreclose.
PennyMac Corp. v. Jackson , 193 A.3d 1079 (Pa. Super. 2018) (unpublished memorandum at 1-2) (unnecessary capitalization omitted).
Jackson filed a post-trial motion, which was denied. She filed an appeal to this Court, and on June 15, 2018, this Court affirmed the judgment entered in favor of PennyMac and against Gray and Jackson. See id.
Meanwhile, in 2000, "Gray attempted to obtain a money judgment against PennyMac, in its role as garnishee" (Garnishment Action).[5] Trial Court Opinion, *715 7/10/2018, at 2. This action was an attempt by Gray to execute on a judgment she had obtained against Jackson. In an attempt to setoff what she owed to PennyMac after the 2015 Foreclosure Action, on January 18, 2017, Gray filed a writ of execution and interrogatories in attachment against PennyMac and sent PennyMac a 10-day notice of intent to take a default judgment. PennyMac responded and objected to the interrogatories; nevertheless, Gray filed a praecipe for entry of a default judgment against PennyMac for failure to answer its interrogatories. PennyMac filed a petition to strike the default judgment, which was granted by the trial court on January 19, 2018.
In addition, during the pendency of the 2015 Foreclosure Action, on January 10, 2018, Gray initiated the action subject to this appeal. In her complaint, Gray asserted claims for
intentional interference, trespass, violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, negligence, and loss of rental income against PennyMac, and loss of rental income against Jackson. According to the complaint, PennyMac illegally barred access to the property by changing the locks, thereby impeding her ability to collect rent from Jackson.
On February 20, 2018, PennyMac filed a motion to dismiss pursuant to Pa.R.C.P. 233.1. PennyMac pointed to paragraph 7 of the mortgage which expressly permits assignees access to the property in the case of default: "If borrower fails to perform covenants and agreements contained in th[e] mortgage, ... lender at lender's option, upon notice to borrower, may ... take such action as is necessary to protect lender[ ] including ... entry upon the property to make repairs." PennyMac attached photographs of the property and referenced [a] $49,000 judgment in favor of the city of Philadelphia for unpaid water and sewer payments to prove disrepair. PennyMac admitted to changing the locks but provided new keys to Gray.
On April 4, 2018, [the trial court] granted PennyMac's motion, dismissing the complaint and barring [Gray] from filing any action involving the property or the mortgage without leave of court.
Trial Court Opinion, 7/10/2018, at 3-4 (unnecessary capitalization omitted).
Gray timely filed a notice of appeal, and both Gray and the trial court complied with Pa.R.A.P. 1925. On appeal, Gray argues the trial court erred in concluding that this action filed by her satisfied the requirements of Pa.R.C.P. 233.1. See Gray's Brief at 4. We review this issue mindful of the following.
To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is de novo . To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.
Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.
Coulter v. Ramsden , 94 A.3d 1080, 1086 (Pa. Super. 2014) (quoting Sigall v. Serrano , 17 A.3d 946, 949 (Pa. Super. 2011) (internal citations omitted) ).
The text of Pa.R.C.P. 233.1 provides the following.
*716 Rule 233.1. Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss
(a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
(1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
(b) The court may stay the action while the motion is pending.
(c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.
(d) The court may sua sponte dismiss an action that is filed in violation of a court order entered under subdivision (c).
Note: A pro se party is not barred from raising counterclaims or claims against other parties in litigation that the pro se plaintiff did not institute.
(e) The provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions.
Pa.R.C.P. No. 233.1. In examining this Court has noted that it
was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by pro se litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. See Pa.R.C.P. 233.1 Comment. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for pro se litigants commensurate with that imposed upon members of the Bar. See id. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative pro se actions and, second, by empowering the trial court to ban the pro se litigant's commencement of further actions against such defendants. See id.
Following scrutiny of the Rule's text, we discern the extent of our Supreme Court's intent in the Rule's allowance of summary proceedings for dismissal substantially less exacting than those required by the Rules of Court for counseled actions, as well as the absence from the language of any of the elements encompassed under the doctrines of res judicata and collateral estoppel. The Rule's language is noteworthy, specifically, in its omission of any reference to existing procedures under the Rules for obtaining judgment prior to trial, see, e.g. , Pa.R.C.P. 1028(a)(4) (Preliminary Objections (Demurrer) ), 1034 (Judgment on the Pleadings), 1035.2 (Summary Judgment). Indeed, the very fact that Rule 233.1 was promulgated in the presence of this series of rules and procedures, that by design tests every aspect of the legal and factual merit of a plaintiff's claim, announces the Supreme Court's focus and intent with exceptional clarity. Quite simply, the Court saw no reason to expose already beleaguered defendants to the demands of extended litigation and the rigor of technical procedural rules for summary disposition when the claims at issue have already been addressed in a substantive manner and resolved.
*717 As noted by the drafting committee, the Rule allows that
[u]pon the filing of an action by a pro se plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the pro se plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding.
Pa.R.C.P. 233.1 Comment.
Gray v. Buonopane , 53 A.3d 829, 835-36 (Pa. Super. 2012).[6]
On appeal, Gray argues that the claims in the instant action are not "rationally related" to claims made in the 2015 Mortgage Foreclosure Action or Garnishment Action. Gray's Brief at 30. The trial court addressed this claim as follows.
PennyMac has met its burden under Rule 233.1. Gray, a pro se plaintiff, has alleged the "same or related claims" she had raised in prior action against "the same or related defendants," and those claims have "been resolved pursuant to ... court proceeding[s]." Pa.R.C.P. 233.1. The [trial c]ourt therefore had grounds to "bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court." Id.
Regarding the first prong, the [2015] Foreclosure Action and the Garnishment Action are related to the instant controversy, as each matter attempted to setoff or otherwise avoid liability for defaulting on a [m]ortgage on which, according to Gray's own admission, no payments have been made since 1996. In the [2015] Foreclosure Action, Gray attempted to shirk responsibility for the [m]ortgage by blaming Jackson, despite not producing any evidence in support. In the Garnishment Action, Gray attempted to offset the judgment in the [2015] Foreclosure Action by improperly obtaining a default judgment against PennyMac as garnishee without properly serving garnishment interrogatories. Considering the broader context of this tortuous saga, the claims in the [2015] Foreclosure Action, the Garnishment Action, and the instant matter are all thinly veiled attempts to avoid or offset liability for the [m]ortgage. As was the case in Gray v. Buonapane , "every single claim raised finds its impetus in the disposal of Gray's [property] and demands damages commensurate with her asserted loss." 53 A.3d at 837.
Second, "these claims have already been resolved pursuant to a written settlement agreement or court proceeding." The Superior Court has held "[a] claim is resolved when there has been a definite decision thereon." [ Coulter v. Lindsay, 159 A.3d 947, 954 (Pa. Super. 2017).] The [trial c]ourt's [January 19, 2018 order] is a definite decision disposing of the Garnishment Action. The order in the [2015] Foreclosure Action was affirmed on appeal.
Trial Court Opinion, 7/10/2018, at 7-8.
Our review of the record and the briefs of the parties reveals that this is *718 exactly the type of case and type of litigant for which Pa.R.C.P. 233.1 was designed. By her own admission, Gray has not paid a mortgage payment on this property for over 20 years. See PennyMac Corp. v. Jackson , 193 A.3d 1079 (Pa. Super. 2018) (unpublished memorandum at 5). Yet, she continues to utilize the court system to delay the inevitable and harass PennyMac. Gray still has access to the courts, and if she has an action that is not frivolous, she will be granted leave of court to proceed. However, this action does not fall into that category. She has had numerous opportunities to litigate the mortgage for this property and attempt to recover money she believes she is owed by Jackson. We agree with the trial court that Gray's attempts to hold PennyMac liable for exercising its rights under a mortgage, which have been litigated in this Court, are frivolous. Accordingly, we affirm the order of the trial court.
Order affirmed.

"Throughout the course of this litigation, service could not be effectuated upon Jackson. Jackson has not filed anything in this matter." Trial Court Opinion, 7/10/2018, at 1 n.1.

The explanatory comment to this rule provides the following.
It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation. While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a pro se party.
Upon the filing of an action by a pro se plaintiff, a defendant may file a motion to dismiss a pending action provided that (1) the pro se plaintiff is alleging the same or related claims against the same or related defendants, and (2) the claims have already been resolved pursuant to a settlement agreement or a court proceeding. The new rule also gives the trial court discretion to bar the pro se litigant from filing further litigation against the same or related defendants raising the same or related claims without leave of court.
Pa.R.C.P. 233.1 (comment).

PennyMac is the successor-in-interest to this mortgage.

This was not the first mortgage foreclosure action for this property. In 1996, Mellon Bank instituted a mortgage foreclosure action against Gray and Jackson for this property. That case was tried in 2006. At trial, Gray successfully argued that a required notice of intent to foreclose was not issued prior to Mellon Bank's filing of the 1996 complaint. Thus, the trial court permitted Mellon Bank to discontinue the action without prejudice in 2007. Gray appealed the trial court's permitting Mellon Bank to discontinue the case, and this Court held that such a discontinuance after trial was procedurally improper. See Mellon Bank v. Jackson , 13 A.3d 975 (Pa. Super. 2010) (unpublished memorandum). On remand, judgment was entered in favor of Gray and against Mellon Bank, but did not extinguish the mortgage. Then, in 2011, Gray filed for bankruptcy. PennyMac received relief from the automatic stay and commenced the 2015 Mortgage Foreclosure action.

"Garnishment is a remedy created to enable a judgment creditor to reach assets of his debtor held by a stranger and is the means by which a creditor collects his debt out of property of the debtor in the hands of a third party." Brown v. Candelora , 708 A.2d 104, 107 (Pa. Super. 1998) (internal quotation marks omitted).

Gray, who is the plaintiff in Buonopane , is the same Gray who is the plaintiff in this appeal. As noted by the trial court,
Gray is listed as a plaintiff in at least [23] cases in the Philadelphia Court of Common Pleas, [17] of which list Jackson as a defendant. Most if not all said cases involve leasehold and mortgage disputes over [this property] or other real estate. Gray is listed as a defendant in over [28] cases from the last [15] years, most of which involve private and public debt collection arising from [this property] or other real estate.
Trial Court Opinion, 7/10/2018, at 4.