J-A20044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BIANCA BUCANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE LAW OFFICES OF GREGORY | : | |
| JAVARDIAN, ET AL. | : | |
| | : | |
| Appellee | : | No. 2094 MDA 2018 |

Appeal from the Order Entered December 10, 2018
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2017-CV-04957-CV

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:      **FILED: AUGUST 21, 2019**

Appellant, Bianca Bucano, appeals from the order entered in the Dauphin County Court of Common Pleas, which dismissed Appellant's complaint against Appellees, The Law Offices of Gregory Javardian ("the Firm") and others, and barred Appellant from future filings against the Firm and others in, or arising from, the foreclosure action against her and her Chapter 13 Bankruptcy. We affirm.

The trial court opinion sets forth the relevant background facts and procedural history of this appeal as follows:

> Appellant is currently an inmate at SCI Muncy.[1] Appellant's numerous filings have resulted in a lengthy procedural history, which includes several appeals to the Superior Court of Pennsylvania.[2] We…emphasize only the following history relevant to this appeal.
>
> [1] Appellant has been incarcerated and is serving a

state sentence of 11¼ to 23½ years for a 2012 conviction of multiple counts of Corrupt Organizations, Insurance Fraud, Forgery, Theft by Deception, Attempt to Commit Theft by Deception, Conspiracy, and Dealing in Proceeds of Unlawful Activities. In addition, Appellant has been ordered to pay restitution totaling more than $1.1 million. Appellant's direct appeals have been exhausted, the judgment of sentence is final, and her collateral claims under the Post-Conviction Relief Act have been denied. According to Appellant, she has filed a Petition for *habeas corpus* relief in federal court; however, no documentary evidence of such a filing has been submitted.

[2] 2485 EDA 2016 (quashed *sua sponte*, as the appeal taken from the July 15, 2016 order denying [Appellant's] petition to stay the sheriff's sale is not final and appealable), 794 EDA 2017 (quashed *sua sponte*, as appeal taken from January 12, 2016 order denying [Appellant's] petition to stay Sheriff's sale is not final and appealable), 1578 EDA 2017 (quashed *sua sponte*, as the appeal taken from the April 19, 2017 order is not final and appealable because no order was entered on the lower court docket on this date), 3173 EDA 2017 (affirmed in part and quashed in part. To the extent Appellant was appealing the court's June 12, 2017 order denying her petition to set aside the sheriff sale, the appeal was quashed. Appeal from the August 23, 2017 order quashed to the extent it asserts violations of Act 6 and non-compliance with Rule 3121).

On May 16, 2013, Citizens Bank of Pennsylvania [("Citizens Bank")] commenced mortgage foreclosure proceedings against Appellant for a property located at 2 Harvest Hill Drive, Effort, PA 18330. During the pendency of the foreclosure action, Appellant filed for Chapter 13 Bankruptcy.[3] The [Firm] served as counsel for Citizens Bank in both matters. In August of 2014, a default action was entered. Appellant's initial petition to strike the default judgment was denied on March 12, 2015 and her subsequent petition to strike was denied on April 9, 2015. After the foreclosure judgment was entered, and while she

- 2 -

was incarcerated, Appellant filed serial motions, petitions, and requests for various forms of relief, including several filings through which she attempted to collaterally attack the judgment, and others through which she sought a stay of the sheriff's sale. All of her motions were denied as being procedurally, factually, legally, or jurisdictionally devoid of merit, and the sheriff's sale occurred on March 30, 2017. In addition, Appellant filed several appeals that were quashed by the Superior Court.

> [3] Later converted to Chapter 7 and Citizens Bank received relief from the automatic stay to list the property for Sheriff's sale[.]

Around and after the date of the sheriff's sale, Appellant filed several motions and objections. In April of 2017, prior to the delivery of the property's deed, Appellant filed a motion to set aside the sheriff's sale alleging that the foreclosure violated Act 6 and Act 91, that the sheriff's sale was procured by fraud, and that the sale price of the property was below its actual value.

On June 12, 2017, the court denied Appellant's motion to set aside the sheriff's sale. The court reasoned that Appellant "failed to recite any cognizable basis on which to challenge, much less set aside, the sheriff's sale of the subject property." Further, according to the court, Appellant "improperly attempted to raise and relitigate issues that were or could have been decided long ago, prior to the date the foreclosure judgment became final, and that she had repeatedly attempted to raise on numerous occasions prior to the sheriff's sale." … Appellant did not appeal the June 12, 2017 order; rather, she filed objections to the order, reiterating many of her prior arguments, including that the value of the property was greater than the actual sale price.

At a hearing held in August of 2017, the trial court ruled against Appellant on all outstanding matters. Appellant appealed. The trial court, in its responsive opinion, noted that Appellant had inundated it with numerous pleadings collaterally attacking the default judgment in the 2014 mortgage foreclosure action. The trial court also requested the Superior Court authorize it to summarily dismiss any filings submitted by Appellant that raise matters which have

been previously decided on their merits and that Appellant be advised that neither court would entertain future filings or appeals that pertain to decisions that she could have timely appealed but did not, issues that were or could have been raised in the prior appeals that were dismissed or quashed, or matters that were or could have been raised in that appeal. The Superior Court declined to respond to this request indicating that Rule 233.1 provides the trial court with sufficient authority to make this ruling on its own. …

The Superior Court also addressed the issue asserted by Appellant **that fraud was committed when the then-appellees lied to the bankruptcy court about the amount owed** and the value of the property. The Superior Court, without addressing the viability of Appellant's arguments, concluded that the time to raise those arguments had long past. The Court concluded that Appellant failed to appeal the order denying her petition to strike which rendered the default judgment final and conclusive. …

\*   \*   \*

Appellant is a *pro se* litigant who filed this civil lawsuit on July 5, 2017 against the Firm, Citizens Bank, Monroe Court, Single Source, and Appraiser Coleen Weissman, asserting **allegations of fraud in prior bankruptcy and foreclosure actions and violations of various consumer protection statutes**. [The Firm and Citizens Bank] filed a Motion to Dismiss and Request for Bar of Future *Pro Se* Litigation Under Pa.R.C.P. 233.1(c) on the grounds that these same or related claims have already been raised and resolved in prior bankruptcy and foreclosure actions, a Lackawanna County action,[5] and multiple appellate filings. This [c]ourt granted [the Firm and Citizens Bank]'s Motion, dismissed the action,[1] and barred Appellant from future filings against the Firm and Citizens Bank related to the foreclosure action against her and other related defendants for the property located at 2 Harvest Hill Drive, Effort, PA 18330 and her Chapter 13 Bankruptcy without leave of court.

_____

[1] The court dismissed Appellant's entire complaint with prejudice.

- 4 -

[5] 2017-CV-00908

(Trial Court Opinion, filed February 26, 2019, at 2-4) (some internal citations omitted). Appellant filed a timely notice of appeal on December 27, 2018. The trial court ordered Appellant on January 2, 2019, to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on January 16, 2019.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT ERR WHEN IT DID NOT ADDRESS [APPELLANT'S] SUBSTANTIVE PRESENTATION OF HER CLAIMS?
>
> DID THE [TRIAL] COURT ERR WHEN IT GAVE NO OPINION ON THE ISSUES IN THE COMPLAINT?
>
> [WHETHER] THE [TRIAL] COURT ERRED WHEN CLEAR AND CONVINCING EVIDENCE FROM [APPELLANT] WAS IGNORED?
>
> DID THE [TRIAL] COURT ERR WHEN IT STATED IT WAS A FORECLOSURE/BANKRUPTCY CASE?
>
> DID THE [TRIAL] COURT ERR WHEN [IT] DID NOT RECOGNIZE THE COMPLAINT IS THE FRAUDULENT TACTICS OF THE LAW OFFICES OF GREGORY JAVARDIAN DEBT COLLECTORS, VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 73 PA.CONS.STAT.§ [2270.4]?
>
> [WHETHER] THE [TRIAL] COURT ERRED WHEN IT DISMISSED THE DEBT COLLECTORS, THE LAW OFFICES OF GREGORY JAVARDIAN A/K/A "THE FIRM," UNDER RULE 233.1?
>
> [WHETHER] THE [TRIAL] COURT ERRED AS ONLY CITIZENS' BANK FALLS UNDER RULE 233.1 HAVING FILED AS A DEFENDANT BY PRO SE [APPELLANT] IN THE LACKAWANNA

COUNTY COURT?

[WHETHER] THE [TRIAL] COURT ERRED BY DISMISSING THE LAW OFFICES OF GREGORY JAVARDIAN BECAUSE THERE HAS NEVER BEEN A PREVIOUS CIVIL SUIT WHERE THE LAW OFFICES OF GREGORY JAVARDIAN WAS A DEFENDANT AND [APPELLANT WAS] A *PRO SE* PLAINTIFF, NOR HAS THERE BEEN ANY LITIGATION, RESOLUTION OR DECISION BASED ON CIVIL RICO AND FDCPA FRAUD VIOLATIONS?

(Appellant's Brief at 3-4).[2]

In her issues combined, Appellant argues Appellees violated various consumer protection statutes by fraudulently increasing the amount owed on Appellant's mortgage and misrepresenting old appraisals as new ones to devalue her property. Appellant contends the Monroe County Court of Common Pleas deliberately overlooked and failed to address her substantive fraud claims, despite her clear and convincing evidence. Appellant also argues Appellees are not subject to dismissal from the case per Rule 233.1 because Appellees do not qualify as the same or related defendants under Rule 233.1,

_____

[2] In Appellant's Rule 1925(b) statement, she limits her challenge to the dismissal of her complaint solely as to the Firm and that is how the trial court addressed Appellant's issues. Appellant's statement of issues on appeal likewise focuses on the Firm. Appellant's brief makes no substantive argument regarding dismissal of the complaint against the remaining three named defendants. Thus, Appellant waived any claims in that regard. **See** Pa.R.A.P. 1925(b); Pa.R.A.P. 2116; Pa.R.A.P. 2119(a); **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied,* 596 Pa. 703, 940 A.2d 362 (2008) (stating: "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … This Court will not act as counsel and will not develop arguments on behalf of an appellant").

as Appellees' were not a named party in Appellant's previous foreclosure and bankruptcy actions. Appellant concedes Citizen's Bank was a named party in a previous action and was inadvertently included in this action. Nevertheless, Appellant suggests her claims in previous actions were not "resolved," as no court rendered a definite decision on the merits. Appellant concludes the trial court failed to address the substantive fraud issues related to her foreclosure and bankruptcy actions and incorrectly dismissed Appellees from the case under Rule 233.1. We disagree.

Examining this issue implicates the following principles:

> To the extent the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Gray v. PennyMac Corp.***, 202 A.3d 712, 715 (Pa.Super. 2019).

Pennsylvania Rule of Civil Procedure 233.1 provides in relevant part as follows:

> **Rule 233.1.  Frivolous Litigation.  *Pro Se* Plaintiff. Motion to Dismiss**

> (a)   Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1)   the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2)   these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

\*     \*     \*

(c)   Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a), (c).

In response to Appellant's claims, the trial court reasoned as follows:

Appellant argues that Rule 223.1 does not apply and her action against the Firm should not have been dismissed since this is the first suit filed against the Firm.  The Superior Court has recently interpreted Rule 233.1 explaining that:

Rule 233.1 does not mandate the technical identity of parties or claims imposed by *res judicata* or collateral estoppel; rather it merely requires that **the parties** and the claims raised in the current action be **related to** those in the prior action and that those prior claims have been **resolved**.

***Coulter v Lindsay***, 159 A.3d 947, 952 (Pa.Super. 2017)[, *appeal denied*, 643 Pa. 125, 172 A.3d 1108 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 2576, 201 L.Ed.2d 293 (2018)] (emphasis added).

Appellant named the Firm as a defendant in the instant lawsuit because of its role as counsel for Citizens Bank in her prior foreclosure and bankruptcy actions.  In the instant appeal, Appellant raises the same issues regarding discrepancies in the amounts owed by her in her bankruptcy action as in her prior appeal.  In Appellant's **prior** appeal to the Superior Court, docket No. 3173 EDA 2017, the Superior

Court noted that Appellant asserted that Citizens Bank's counsel (the Firm) **committed fraud by lying to the bankruptcy court about the amount owed and the value of the property**. On this issue, the Superior Court concluded, "without addressing the viability of Appellant's arguments, the time to raise them has long past. As with Appellant's first issue, Appellant failed to appeal the order denying her petition to strike, which rendered the default judgment final and conclusive." … Accordingly, it is clear from the record in this case that Appellant has already litigated this issue against Citizens Bank and the Firm and the Superior Court resolved the issue.[6] The claims against the Firm in the instant appeal are clearly the same and/or similar to those in the prior appeal relating to the bankruptcy and foreclosure actions. Although the Firm may not have been a named defendant in prior actions, as counsel for the bank during the time of the bankruptcy and foreclosure actions, the Firm and the claims against it in the current action are "related" to those in the prior action and those prior claims have been long-resolved.

[6] The drafting committee's recourse to the word "resolved" in this context is significant. In Rule 233.1's requirement that the matter [has] been "resolved pursuant to a written settlement agreement or a court proceeding," the language assures that the *pro se* litigant is availed of a chance to address his claim subject to the contractual guarantee of a settlement agreement or to the procedural safeguards that attend a court proceeding. It does not require, however, that the matter has progressed to a "final judgment on the merits." ***Gray v. Buonopane***, 53 A.3d 829, 836 (Pa.Super. 2012), *appeal denied*, 619 Pa. 716, 64 A.3d 632 (2013)….

## Conclusion

Accordingly, we ask the Superior Court of Pennsylvania to affirm this Court's Order of December 7, 2018 dismissing Appellant's Complaint with prejudice and barring her from future filings against [the] Firm and Citizens Bank related to the foreclosure action against her and other related defendants for the property located at 2 Harvest Hill Drive, Effort, PA 18330 and her Chapter 13 Bankruptcy Docket No.

4-15-01587 without leave of Court.

(Trial Court Opinion at 5-7) (some internal citations omitted; emphasis in original). The record supports the court's decision. Here, as Citizens Bank's counsel in the foreclosure and bankruptcy actions, the Firm qualified as a "related" defendant for purposes of Rule 233.1. *See Coulter, supra*. Moreover, the record makes clear the issues Appellant raised in her complaint have been long ago resolved in prior actions against other defendants related to the Firm. *See Gray, supra*. Accordingly, Appellant's issues merit no relief, and we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/2019</u>