J-S26017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEBEH KAWAH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PHH MORTGAGE CORPORATION, | : | |
| F/K/A CENDANT MORTGAGE | : | |
| CORPORATION, D/B/A PHH | : | |
| MORTGAGE SERVICES | : | |
| | : | |
| Appellee | : | No. 3293 EDA 2018 |

Appeal from the Order Entered October 11, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 180502540

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED SEPTEMBER 09, 2019**

Appellant, Jebeh Kawah, appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections of Appellee, PHH Mortgage Corporation, f/k/a Cendant Mortgage Corporation, d/b/a PHH Mortgage Services ("Bank"), and dismissed Appellant's complaint.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR AS A MATTER OF LAW IN SUSTAINING [BANK'S] PRELIMINARY OBJECTIONS BASED ON A MISAPPLICATION OF THE THEORY OF *RES JUDICATA*?

_____
*   Retired Senior Judge assigned to the Superior Court.

DID THE TRIAL COURT ERR AS A MATTER OF LAW IN SUSTAINING [BANK'S] PRELIMINARY OBJECTIONS BASED ON A MISAPPLICATION OF PA.R.C.P. 233.1(A), WHICH STATES THAT UPON THE COMMENCEMENT OF ANY ACTION FILED BY A *PRO SE* PLAINTIFF IN THE COURT OF COMMON PLEAS, A DEFENDANT MAY FILE A MOTION TO DISMISS THE ACTION ON THE BASIS THAT: (A) THE *PRO SE* PLAINTIFF IS ALLEGING THE SAME OR RELATED CLAIMS WHICH THE *PRO SE* PLAINTIFF RAISED IN A PRIOR ACTION AGAINST THE SAME OR RELATED DEFENDANTS, AND (B) THESE CLAIMS HAVE ALREADY BEEN RESOLVED PURSUANT TO A WRITTEN SETTLEMENT AGREEMENT OR A COURT PROCEEDING, BY THE TRIAL COURT ERRONEOUSLY CONCLUDING THAT [THE] PLAINTIFF IS ALLEGING THE SAME OR RELATED CLAIMS?

DID THE TRIAL COURT ERR BY FAILING TO ADDRESS [APPELLANT'S] CLAIMS OF PROMISSORY ESTOPPEL[,] CONSTRUCTIVE FRAUD, TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATION SIMPLY BECAUSE THEY WERE RELATED TO A PRIOR CASE BETWEEN THE PARTIES?

(Appellant's Brief at 4-5).

The scope and standard of review in examining a challenge to an order sustaining preliminary objections in the nature of a demurrer are as follows:

Our review of a trial court's sustaining of preliminary objections in the nature of a demurrer is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

*Kramer v. Dunn*, 749 A.2d 984, 990 (Pa.Super. 2000) (internal citations omitted).

All material facts set forth in the complaint as well as all

inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review.] The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Wawa, Inc., v. Alexander J. Litwornia & Associates*, 817 A.2d 543, 544 (Pa.Super. 2003) (quoting *Price v. Brown,* 545 Pa. 216, 221, 680 A.2d 1149, 1151 (1996)). To the extent the questions presented involve an interpretation of the rules of civil procedure, our standard of review is *de novo*. *Gray v. PennyMac Corp.*, 202 A.3d 712, 715 (Pa.Super. 2019).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Arnold L. New, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed January 8, 2019, at 4-6) (finding: Appellant's current complaint asserts Bank wrongfully foreclosed upon and sold mortgaged property, despite existence of mortgage modification; previously, Appellant unsuccessfully raised same or similar argument in her defense to Fannie Mae's ejectment action; additionally, alleged existence of mortgage modification was central to Appellant's 2013 suit against Bank, in which Bank prevailed; state and federal courts have previously addressed alleged violations of federal law, which Appellant raises in current complaint; simply put, courts have rejected Appellant's claims on at least three prior occasions;

to extent Appellant argues Rule 233.1 does not apply, because Bank allegedly admitted it had mailed loan modification application to Appellant in December 2013, that argument also fails, where receipt, or even submission, of application is not enforceable contract). The record supports the trial court's rationale. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/19

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **JEBEH KAWAH** : | **MAY TERM 2018** |
| : | |
| v. : | **NO. 2540** |
| : | |
| : | Kawah Vs Phh Mortgage Corporation-OPFLD |
| **PHH MORTGAGE CORPORATION** : | |
| **D/B/A PHH MORTGAGE SERVICES** : | 18050254000048 |

**OPINION**

NEW, J.                                                                 January 8 2019

For the reasons set forth below, the Court respectfully requests the Superior Court affirm

its October 11, 2018 Order sustaining Defendant's Preliminary Objections and dismissing

Plaintiff's Complaint.

## FACTUAL AND PROCEDURAL HISTORY

The instant case arises from Defendant PHH Mortgage Corporation's successful

mortgage foreclosure action against Plaintiff Jebeh Kawah. On January 3, 2005, Plaintiff

executed a Mortgage upon the premises of 12135 Academy Road # 26, Philadelphia, PA.

Plaintiff defaulted on her mortgage on June 1, 2008. On May 19, 2009, Defendant filed an

action sounding in mortgage foreclosure; Defendants obtained a default judgment on April 16,

2010 because Plaintiff failed to file an answer to the foreclosure complaint. Following extensive

motion practice, the Property was sold at Sheriff Sale on July 1, 2014 to a third party, Federal

National Mortgage Association ("Fannie Mae"). Plaintiff did not file an appeal in the

foreclosure action.

On September 18, 2014, Fannie Mae filed an ejectment action against Plaintiff. Plaintiff

mounted a vigorous defense to the ejectment action, arguing, in part, that Defendant failed to

complete the mortgage modification process; the trial court ruled in favor of Fannie Mae. The

1

Superior Court affirmed the trial court's decision in the ejectment action. See Federal National Mortgage Assocation v. Kawah, 2016 WL 5266596 (Pa. Super. Ct. July 22, 2016) (unpublished). In August 2016, Plaintiff was ejected from the property.

In addition to defending the foreclosure action and ejectment action, Plaintiff affirmatively filed suit against Defendant in the Philadelphia Court of Common Pleas. Plaintiff's action, filed in November 2013, alleged discrimination under federal laws, violations of the Home Affordable Modification program ("HAMP") guidelines, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and negligence in the processing and/or reviewing of her loan modification application. Plaintiff sought relief in the form of a Temporary Restraining Order and Preliminary Injunctive Relief preventing her ejectment from the property, as well as a rescission of the foreclosure and unspecified monetary damages. An Amended Complaint, filed in April 2015, alleged discrimination in regard to loan modification in violation of various federal law, violations of HAMP, "wrongful foreclosure," breach of contract, breach of the covenant of good faith and fair dealing, violation of the Unfair Trade Practices an Consumer Protection Law, and "willful, negligent, and continued misrepresentation." The trial court sustained Defendant's preliminary objections, and the Superior Court, after performing a comprehensive analysis of Plaintiff's claims, affirmed. See Kawah v. PHH Mortgage Corporation, 2016 WL 4975046 (Pa. Super. Ct. July 8, 2016) (unpublished).

On November 18, 2015, Plaintiff filed an action in the United States Federal Court for the Eastern District of Pennsylvania seeking injunctive relief in the form of a stay of eviction proceedings and monetary damages for alleged violations of the Real Estate Settlement and Procedures Act ("RESPA") and Regulation X. The Eastern District dismissed Plaintiff's case, finding it lacked jurisdiction. See Kawah v. PHH Mortgage Corp., 2016 WL 7163086 (E.D.P.A.

2

February 2, 2016) (unpublished). In *dicta*, the Eastern District opined that if it had jurisdiction, Plaintiff's claims would fail because 1) in order to recover under RESPA, a plaintiff must submit a complete loss mortgage application package and Plaintiff admits "a 3rd complete loan modification was not submitted to [Defendant]" and 2) the conduct Plaintiff complains of occurred prior to Regulation X becoming effective on January 10, 2014 and Regulation X does not apply retroactively. Id. at *3.

On May 23, 2018, Plaintiff commenced the instant action by Writ of Summons. Plaintiff's Complaint, filed July 19, 2018, contains a single count sounding in fraud. Plaintiff concisely summarized her claim by stating:

> From the onset of Kawah's formal complaint against PHH and Fannie Mae in November 2010, triggered by the ejectment action of Fannie Mae against Kawah around the same time, PHH in effect "stood by and watched" as though no agreement had been reached between PHH and Kawah that was designed to prevent foreclosure, except when PHH was forced to admit to such agreements during Kawah's appeals to CFPB. Contrary to PHH's stance in the actions, PHH and Kawah had entered a TPP agreement, and PHH had rescinded a sheriff's sale twice and on a third occasion, made promises to Kawah in writing to work out a solution. Yet PHH refused to honor any such agreements with Kawah and concealed the fact that PHH had promised a work out with Kawah until after Kawah had been ejected from the Property.

Complaint at p. 6, Part II (pages unnumbered in original). Plaintiff alleges that in the previous matters discussed above, Defendant fraudulently stated no agreements or modifications to Plaintiff's mortgage existed, yet in September 2016, Defendant admitted it mailed a loan modification application to Plaintiff on December 30, 2013. Id. at Part II, ¶ 2(1.1). According to Plaintiff, this admission established "the material fact that indeed Kawah and PHH were in effect in an agreement of sorts that should have prevented Fannie Mae from pursuing ejectment actions against Kawah and only effectively admitted to having had such an agreement after the final

3

judgment of the Pennsylvania Superior Court in 2016 when it erroneously ruled against Kawah due to this fraudulent concealment by PHH." Id. at Part II, ¶ 4.2.

Defendant filed Preliminary Objections arguing 1) Plaintiff's Complaint should be dismissed as frivolous under Pa.R.C.P. 233.1(a) and 2) Plaintiff's Complaint is barred by the doctrine of *res judicata*. Plaintiff opposed Defendant's Preliminary Objections. By Order dated October 11, 2018, this Court sustained Defendant's Preliminary Objections and dismissed Plaintiff's Complaint. Plaintiff filed a timely appeal.

In her Rule 1925(b) Concise Statement of Matters Complained of on Appeal, Plaintiff alleges three errors: 1) *res judicata* does not apply because the identity of thing sued upon in this case is different than in her previous cases, 2) Plaintiff's Complaint should not have been dismissed under Rule 233.1(a) because the activities of Defendant, namely its admission, did not exist at the time the prior lawsuits were decided, and 3) this court ignored Plaintiff's request for equitable relief.

## ANALYSIS

Rule 233.1 provides:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> >
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Pa.R.C.P. 233.1. The purpose of Rule 233.1 is to limit "the ability of pro se plaintiffs to prolong litigation through the filing of serial complaints after the claims they allege have been resolved." Gray v. Buonopane, 53 A.3d 829, 834 (Pa. Super. Ct. 2012); see also Gray v. Pennymac Corp.,

4

2019 WL 123311, *3-*4 (Pa. Super. Ct. January 7, 2019). Unlike *res judicata* or collateral estoppel, which require technical identity of parties or claims, Rule 233.1 "merely requires that the parties and the claims raised in the current action be 'related' to those in the prior action and those prior claims have been 'resolved.'" Id. at 836.

In the case *sub judice*, Plaintiff's claims revolve around her assertion that Defendant acted unscrupulously when it wrongfully foreclosed and sold her property despite the existence of a mortgage modification. See generally Complaint. Plaintiff raised the same and similar arguments in her defense to Fannie Mae's ejectment action, and both the trial court and the Superior Court rejected these arguments. See Federal National Mortgage Assocation v. Kawah, 2016 WL 5266596 (Pa. Super. Ct. July 22, 2016) (unpublished). The alleged existence of a mortgage modification was also central to Plaintiff's 2013 suit against Defendant. The trial court rejected Plaintiff's assertion in that case, and the Superior Court affirmed. See Kawah v. PHH Mortgage Corporation, 2016 WL 4975046 (Pa. Super. Ct. July 8, 2016) (unpublished). Any alleged violations of federal law raised in Plaintiff's Complaint in this matter were previously addressed not only by state courts, see Id. at *8-*10, but also by the Eastern District of Pennsylvania. Kawah v. PHH Mortgage Corp., 2016 WL 7163086 (E.D.P.A. February 2, 2016) (unpublished). The applicability of Regulation X to Plaintiff's claim has also previously been decided by the federal court. Id. Quite simply, the claims raised by Plaintiff in this case have been considered, and rejected, by the courts on at least three prior occasions.

Plaintiff's attempt to avoid the application of Rule 233.1 by pointing to Defendant's September 2016 "admission" that it mailed a loan modification application to Plaintiff on December 30, 2013 is not relevant. According to Plaintiff, Defendant's mailing of a loan modification application shows, contrary to Defendant's argument in the prior cases, the

existence of a loan modification agreement. See Complaint at Part II, ¶ 4.2.  However, the Courts of this Commonwealth have long held the receipt, or even the submission, of an application is not an enforceable contract because there has not been a meeting of the minds as to the essential terms of the deal. See e.g. Upsal Street Realty Co. v. Rubin, 192 A. 481, 484 (Pa. 1937) (finding a lease agreement did not exist despite the tenant's submission of an application, stating "Care should always be taken not to construe as an agreement letters which the parties intended only as a preliminary negotiation") (citations and quotations omitted).

Since this Court concluded Plaintiff claims in this case are related to the claims previously resolved by the Philadelphia Court of Common Pleas, the Pennsylvania Superior Court, and the Eastern District of Pennsylvania, this Court properly dismissed Plaintiff's case pursuant to Rule 233.1.

**WHEREFORE**, this Court respectfully requests the Superior Court affirm its October 11, 2018 Order sustaining Defendant's Preliminary Objections and dismissing Plaintiff's Complaint.

**BY THE COURT:**

_____
**ARNOLD L. NEW, J.**

6