J-A19032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NANCY C. GALLAGHER AND DONEGAL INSURANCE GROUP | : | No. 2359 EDA 2022 |
| | : | |
| APPEAL OF: DAVID HATCHIGIAN | : | |

Appeal from the Order Entered August 11, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220600194

BEFORE:  BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 18, 2023**

David Hatchigian (Hatchigian) and his wife Joan Randazzo (Randazzo), (together, Appellants) appeal *pro se* from the order entered in the Court of Common Pleas of Philadelphia County (trial court) denying their "Motion for Leave to Submit *Pro Se* Filing in Accordance with the Court's Order Dated October 22, 2021 Pursuant to Pa.R.C.P. 233.1"[1] in this breach of contract action brought against Nancy C. Gallagher (Gallagher) and Donegal Insurance

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Rule 233.1, **infra** (providing for dismissal of repetitive *pro se* actions).

Group (Donegal) (together, Appellees). On appeal, Appellants challenge the trial court's application of Rule 233.1 in dismissing this case. We affirm.

**I.**

**A.**

A brief review of the previous litigation between the parties is necessary to our disposition. On May 26, 2021, Hatchigian filed a complaint against Gallagher and Donegal in the Philadelphia Municipal Court seeking damages for home improvement work performed in February of 2011 by Gallagher's husband Neil Gallagher, who died in May of 2012 (Decedent). Hatchigian alleged that he hired Decedent to complete roofing work at a property he and Randazzo owned in Philadelphia; Decedent warranted that the roofing work would be free of defects for 20 years and that he was insured accordingly; and the roofing material installed by Decedent collapsed eight years after installation, necessitating extensive repair work. Regarding Donegal, the Decedent's former insurer, Hatchigian alleged that the contractor liability insurance policy Decedent carried covered his losses.

The Municipal Court held a trial on the matter on July 9, 2021, at which Hatchigian appeared *pro se*. Gallagher testified that Decedent had owned a roofing business, but that she was not involved in its operations in any capacity. She did not manage it, did not interact with customers, and did not sign a roofing contract for any work performed by Decedent. Gallagher did not continue Decedent's business after he died and it was dissolved. (**See**

N.T. Trial, 7/09/21, at 23, 27). She was separately employed during that time period by Abington Memorial Hospital as a Community Health Manager. Gallagher also testified that she had never met or heard of Hatchigian until commencement of this litigation. (*See id.* at 24). She explained that Decedent did not have a will and that they jointly owned their home as tenants by the entireties during their marriage.

Hatchigian testified that he was "seeking damages for Breach of Contract based on Mrs. Gallagher being . . . the wife of Mr. Gallagher [and] has assumed his estate." (*Id.* at 14). With regard to Decedent's roofing company, Hatchigian stated, "under decent, [Mrs. Gallagher] would have been next in line." (*Id.* at 15). Hatchigian acknowledged that he never had an insurance policy or a contract with Donegal and that it never issued him any type of warranty for the work performed by Decedent. Hatchigian indicated that Decedent had represented to him that he was insured. (*See id*. at 20).

The exhibits submitted to the court showed that the Donegal insurance policy Decedent carried terminated in May of 2012, just after he passed away. (*See id.* at 31). At the conclusion of the hearing, the Municipal Court entered judgment in favor of Gallagher and Donegal. Hatchigian filed an appeal from the judgment on July 30, 2021, in the Court of Common Pleas, but that appeal was struck because of his failure to file a complaint.

J-A19032-23

**B.**

On September 14, 2021, Hatchigian and Randazzo filed a complaint in the Philadelphia Court of Common Pleas against Gallagher and Donegal raising the same allegations concerning Decedent's liability for damages for the roof work. Appellees filed a motion to dismiss the complaint pursuant to Rule 233.1,[2] which the trial court granted on October 22, 2021. The court dismissed the complaint with prejudice and ordered that "Plaintiff David Hatchigian shall not pursue additional *pro se* litigation against the same or

_____

[2] Rule 233.1 sets forth the criteria for dismissal of frivolous, repetitive actions filed by *pro se* litigants and provides as follows:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> >
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).

Pa.R.C.P. 233.1 (a)-(d).

- 4 -

related Defendants raising the same or related claims without leave of Court."
(Order, 10/22/21).

On June 2, 2022, Hatchigian and Randazzo initiated the instant action
by filing a writ of summons against Appellees without leave of court. On June
22, 2022, Appellees filed a *praecipe* and rule for Appellants to file a complaint
within 20 days or risk entry of a judgment of *non pros*.

On July 19, 2022, Appellants filed the underlying *pro se* "Motion for
Leave to Submit *Pro Se* Filing in Accordance with the Court's Order Dated
October 22, 2021 Pursuant to Pa.R.C.P. 233.1" (Motion). They attached a
proposed complaint advancing the same claims raised in the previous litigation
concerning Decedent's 2011 roofing work to their property. On July 26, 2022,
Appellees filed a *praeci*pe for entry of judgment of *non pros* for failure to file
a complaint, which the Office of Judicial Records entered on that same day.
On August 11, 2022, after review of the proposed complaint, the trial court
denied the Motion. This timely appeal followed. In its Rule 1925(a) opinion,
the trial court stated that it properly denied the Motion pursuant to Rule
233.1(d), which permits a trial court to *sua sponte* dismiss an action filed in
violation of a court order. The trial court explained:

> Plaintiff's June 2, 2022 Writ of Summons was filed in direct
> violation of this trial court's October 22, 2021 order entered under
> subdivision(c) of Rule 233.1 *Pro se* Plaintiffs filed their June 2,
> 2022 Writ of Summons without leave of court against 'the same
> or related defendants' raising, according to their proposed
> complaint attached to their Motion, 'the same or related claims.'
> As such, pursuant to Rule 233.1(d), the trial court properly denied
> Plaintiffs' Motion.

(Trial Court Opinion, 1/04/23, at 3).

## II.

Appellants contend that the trial court abused its discretion by applying Rule 233.1 where this lawsuit does not involve the "same or related claims" as the previous litigation.[3]  (**See** Appellants' Brief, at 15-17).  They point to the fact that Randazzo was not a party to some of the previous proceedings and maintain that the allegations contained in the proposed complaint have not been fully adjudicated on the merits.

We begin by observing that the explanatory comment to Rule 233.1 provides that it seeks to limit frivolous litigation and abuse of the legal system by litigants who repeatedly file "new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings.  [The Rule] provides relief to a defendant who has been subjected to this type of repetitive litigation."  Pa.R.C.P. 233.1, Explanatory Comment.

Rule 233.1 "was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but

---

[3] "To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*."  **Gray v. PennyMac Corp.**, 202 A.3d 712, 715 (Pa. Super. 2019) (citation omitted).  "To the extent that this question involves an exercise of the trial court's discretion in granting a motion to dismiss, our standard of review is abuse of discretion."  **Id.** (citation omitted).

could not substantiate." **Gray**, **supra** at 716. "Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon members of the Bar." **Id.** "Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants." **Id.** (citation omitted).

Additionally, "Rule 233.1 does not require the highly technical prerequisites of *res judicata* or collateral estoppel to allow the trial court to conclude that a *pro se* litigant's claims are adequately related to those addressed in prior litigation." **Gray v. Buonopane**, 53 A.3d 829, 838 (Pa. Super. 2012), *appeal denied*, 64 A.3d 632 (Pa. 2013). "Nor does it require an identity of parties or the capacities in which they sued or were sued." **Id.** "Rather, it requires a rational relationship evident in the claims made and in the defendant's relationships with one another to inform the trial court's conclusion that the bar the Rule announces is justly applied." **Id.**

Instantly, these rational relationships between the parties and the claims made are fully evident in this third in a string of repetitive lawsuits brought by Appellants. The record reflects that this is the type of case and litigants for which Rule 233.1 was intended, as Appellants have repeatedly

brought lawsuits where they have failed to demonstrate that they have any non-frivolous claims against Appellees. Instead, they continue their effort to litigate this mater despite the 2021 Municipal Court adjudication against them and their subsequent failure to perfect an appeal. We agree with the trial court that no extended litigation is warranted under these circumstances where Appellants filed the writ of summons in direct contravention of the trial court's October 22, 2021 order, and the crux of their claims have already been addressed in a substantive manner and resolved during the Municipal Court proceeding. That Randazzo and/or Hatchigian were not named parties in some of the previous proceedings is of no moment, as Rule 233.1 does not require highly technical prerequisites for a trial court to conclude that a *pro se* litigant's claims are adequately related to those addressed in prior litigation, nor does it require an identity of parties or the capacities in which they sued or were sued. **See Gray**, **supra**, 53 A.3d at 838. This flexibility protects defendants from repeated baseless litigation in light of the potential for *pro se* plaintiffs to manipulate our courts and introduce confusion into the system by choosing not to name all parties or change slightly their claims in an attempt to shield themselves from bar of their repetitive lawsuits.

Accordingly, for the foregoing reasons, we affirm the August 11, 2022 order denying Appellants' Motion and dismissing this action pursuant to Rule 233.1(d).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2023